# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| JODI HECKLER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) No. 3:17-05258-CV-RK |
| REEDS SPRING R-IV SCHOOL | ) |
| DISTRICT, | ) |
| Defendant. | ) |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

Before the Court is the Motion to Dismiss or, in the Alternative, Motion for More Definite Statement filed by Defendant Reeds Spring R-VI School District. (Doc. 7.) Defendant's motion seeks: (1) dismissal of the Complaint for violation of Rules 8(a)(2) and 8(d)(1); (2) dismissal of Count I for failure to state a claim under Rule 12(b)(6); (3) dismissal of Count II under Rule 12(b)(6); and (4) dismissal of the individual defendants under Rule 12(b)(6). In the alternative, Defendant seeks a more definite statement under Rule 12(e). After careful review, Defendant's motion is **GRANTED in part** and **DENIED in part**.

## Motion to Dismiss under Rules 8 and 12(b)(6)

**I.    Legal Standard**

Federal pleading rules provide that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Each allegation in a pleading must "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "No technical form" is required for pleadings, Fed. R. Civ. P. 8(d)(1), and the Court construes pleadings "so as to do justice[,]" Fed. R. Civ. P. 8(e).

Rule 8's pleading standard must be read in conjunction with Rule 12(b)(6), which tests a pleading's legal sufficiency. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (1955)). To have facial plausibility means a pleading has "factual content that allows the

1

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Considering a motion to dismiss involves a "two-pronged approach." *Id.* at 679. The Court must first identify and disregard any legal conclusions and bare recitals of elements of a cause of action. *Id.*. Then, if the remaining well-pled allegations, assumed to be true, permit the Court to infer more than a mere possibility of misconduct, the complaint has shown "that the pleader is entitled to relief." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). This determination is a "context-specific task" requiring the Court "to draw on its judicial experience and common sense." *Id.*

## II. Challenge to the Complaint under Rule 8

Defendant contends Plaintiff's Complaint should be dismissed because it violates Rule 8's "short and plain" and "simple, concise, and direct" pleading requirements. In support, Defendant points to the Complaint's numerous paragraphs and extensive paragraph subparts. Defendant also argues that the Complaint incorporates multiple-paged exhibits that are repetitive of, and irrelevant to, the Complaint. Defendant asserts, without elaboration, that these extraneous allegations place an unfair burden on Defendant in terms of responding to the Complaint and are included to harass and disparate it. Plaintiff maintains that the Complaint was drafted to limit the issues, to provide context to her retaliation claim, and to establish Defendant's knowledge to show its actions were retaliatory. Plaintiff explains that the Complaint's paragraphs are organized topically such that the subparts pertaining to the same topic are grouped under the same paragraph.

Upon review of Plaintiff's Complaint, the Court notes the following. The Complaint consists of 56 total paragraphs, many of which have extensive subparts (for example, paragraph 29 contains 44 subparts). The 29-page Complaint incorporates 6 exhibits that add 15 pages and which consist of Plaintiff's administrative charges of discrimination, right to sue letter, and an affidavit. The allegations and exhibits Defendant claims are extraneous and irrelevant—including purported deposition excerpts, affidavits, and discovery—all stem from Plaintiff's earlier discrimination lawsuit against Defendant and make up a significant portion of Plaintiff's Complaint. (E.g., Doc. 1, ¶ 29a-rr.)

Relevant context here is that Title VII actions often turn on circumstantial rather than direct evidence. Although pleading more detail may be necessary, it is not clear how many of the details plead that stem from the previous lawsuit are relevant to this action. However, pleadings that are

2

excessively long, that contain extraneous allegations and evidence, or that misuse paragraph numbering, ordinarily do not warrant dismissal. *See* Fed. R. Civ. P. 8(d)(1) ("No technical form" is required); Fed. R. Civ. P. 8(e) (pleadings are construed "so as to do justice."). Even assuming that Plaintiff's Complaint violates Rule 8 in these ways, such technical violations of Rule 8 are harmless so long as they do not interfere with one's ability to understand the claims or otherwise prejudice the party in terms of preparing a response. *See* 1 Moore's Manual—Federal Practice and Procedure §§ 9.12 & 10.06 (2017).

At this stage, the Court does not find that the Complaint was drafted to harass or disparage.[1] After review, for purposes of Rule 8, Plaintiff's Complaint is intelligible and puts Defendant on notice of her Title VII suit on the grounds that Defendant allegedly made false disparaging statements about Plaintiff in retaliation for her previous lawsuit. (*See* Doc. 7 at ¶ 1.) Without elaborating its assertion of prejudice, Defendant has not satisfied the Court that it would suffer prejudice by having to respond to the Complaint.[2] Consequently, despite any technical violations, the Court does not find that the Complaint so offends Rule 8 as to justify dismissal.

To the extent Defendant seeks dismissal of Plaintiff's Complaint for a violation of Rule 8, Defendant's motion is **DENIED**.

## III. Challenge to Count I under Rule 12(b)(6)

Defendant contends that Count I fails to plead the prima facie elements to either a discrimination or retaliation claim under Title VII and should therefore be dismissed for failure to state a claim under Rule 12(b)(6).[3] In response, Plaintiff argues that an employer's attempt to

---

[1] The Court does not take this claim lightly. *See* Fed. R. Civ. P. 11(b)(1) ("By presenting to the court a pleading," the filer "certifies" that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]"); Fed. R. Civ. P. 12(f) (Either by motion or on its own, "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter.").

[2] As explained below when addressing Defendant's request for a more definite statement, the Court will require Plaintiff to clarify that she is bringing a post-employment retaliation claim under Title VII.

[3] Defendant also argues that Count I of Plaintiff's Complaint should be dismissed because Defendant is unable to tell whether Plaintiff is alleging discrimination or retaliation, two distinct Title VII claims. This can be clarified by requiring Plaintiff to amend, which is taken up below when addressing Defendant's alternative relief sought under Rule 12(e). It is not grounds for dismissal under Rule 12(b)(6).

3

damage a former employee's reputation is grounds for a Title VII post-employment retaliation claim.

To plead a post-employment retaliation claim under Title VII, Plaintiff must plead that she was formerly employed by Defendant and that Defendant took actions in retaliation for her having engaged in protected activity, such as filing a charge with the Equal Employment Opportunity Commission or filing a discrimination lawsuit. 42 U.S.C. § 2000e-3(a) ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has made a charge [under Title VII.]"); *Recio v. Creighton Univ.*, 521 F.3d 934, 938-39 (8th Cir. 2008) ("A prima facie case of retaliation requires showing that: (1) the employee engaged in protected conduct; (2) reasonable employees would have found the challenged retaliatory action materially adverse; and (3) the materially adverse action was causally linked to the protected conduct." (citation omitted)); *Robinson v. Shell Oil Co.*, 519 U.S. 337, 339 (1997) (interpreting "employee" in Title VII to include former employees).

Setting aside the conclusions, Plaintiff's Complaint includes the following factual allegations:[4]

- In August and December of 2015, charges of discrimination were filed alleging sex discrimination, sexual harassment, and retaliation, stemming from Plaintiff "rejecting the advances of Mr. Michael Mason, Superintendent of Reeds Spring School District[.]" (Doc. 1, ¶¶ 19, 20 & Ex. A-C.)
- "A legal action was filed in the Circuit Court of Stone County, Missouri, Case No. 16SN-CC00094 related to the Charge of Discrimination[.]" (Doc. 1, ¶ 21.)
- "On March 15, 2016, the Board of the District voted to accept the Agreement of Resolution of the legal action, . . . including terms requiring Plaintiff to resign her employment with the District." (Doc. 1, ¶ 24.)
- "On March 27, 2015, . . . Barringer instant messaged a district patron on her Facebook page and requested that she call him[.] . . . During the conversation, Mr. Barringer repeatedly reiterated . . . that the school Board knew information that would paint Plaintiff in a bad light. Mr. Barringer made statement[sic] such as 'If

---

[4] The first paragraph of Count I, paragraph 43, incorporates the earlier "General Allegations" (paragraphs 1-42).

- you guys only knew,' 'we know things that everyone else doesn't know,' 'if everyone else knew what we know[]'. . . ." (Doc. 1, ¶ 35.)
- "On April 2, 2017, Barringer spoke to another district patron that 'There is more to the story' regarding the RSSD superintendent's sexual harassment of Plaintiff, that sadly, the personnel files of the parties involved couldn't be released and the Board couldn't talk about specifics due to the judge's gag order. But, that the patron should know that the Board made the correct decision in retaining the superintendent. . . . If the patron knew 'the rest of the story,' the patron would understand also. . . ." (Doc. 1, ¶ 36.)
- "On April 10, 2017, . . . Earl Johnson called a district patron repeatedly stating 'There is more to the story,' that if only personnel files could be public, the patron would know why Mason was retained and Plaintiff wasn't. Johnson also told the patron, 'Just because a petitioner makes statements in a petition, that doesn't make those statements true[]' . . . in response to the patron's pointing out that in court documents Mason had admitted the harassment. . . ." (Doc. 1, ¶ 37.)
- "Johnson has made statements to the media which by express statement or implication maligned and/or placed Plaintiff in a false light, including[:] Johnson reported to the media that that[sic] there was another side of the story, that a significant part of what the Branson Tri-Lakes News had printed was 'false and it's provable – not accurate,' and that there is a 'document' to support his statement, and that 'it's not only a document, but it's also discussions – things that aren't written down. There's a lot to that story.'" (Doc. 1, ¶ 39b.)

Given the circumstantial context of Title VII actions and taking these as well as others factual allegations as true, Plaintiff's Complaint plausibly suggests unlawful post-employment retaliation under Title VII by Defendant. *See Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997) ("[P]laintiffs may be able to state a claim for retaliation, even though they are no longer employed by the defendant company, if, for example, the company 'blacklists' the former employee, wrongfully refuses to write a recommendation to prospective employers, or sullies the plaintiff's reputation[.]" (internal citations omitted)).

To the extent Defendant seeks dismissal of Count I for violation of Rule 12(b)(6), Defendant's motion is **DENIED**.

**IV.    Challenge to Count II under Rule 12(b)(6)**

Next, Defendant argues that Plaintiff's separate cause of action for punitive damages in Count II should be dismissed because punitive damages are not available against it under Title VII. Plaintiff does not respond to this argument.

Title VII expressly prohibits punitive damages against governmental agencies. 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under [Title VII] against a respondent (other than a government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice . . . with malice or with reckless indifference to the federally protected rights of an . . . individual."). Missouri public school districts are considered state government entities. *Webb v. Reisel*, 858 S.W.2d 767, 769 (Mo. App. 1993) (school districts are government agencies). Upon review of the face of the pleading, the Court construes Plaintiff's Complaint as bringing a claim only under Title VII. *See* 1 Moore's Manual—Federal Practice and Procedure § 9.01 (2017) ("The district court generally may not infer claims that do not plainly appear on the face of the pleadings." (citing *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)). It follows that because Defendant is a Missouri public school district, an award of punitive damages against it is not an available remedy in Plaintiff's Title VII lawsuit.

Therefore, Defendant's request to dismiss Count II for punitive damages for failure to state a plausible claim for relief is **GRANTED**.

**IV.    Challenge to Individual Defendants under Rule 12(b)(6)**

Defendant argues that the Complaint incorrectly lists individuals in the caption that are not proper defendants. Plaintiff provides no response.

There is no individual liability under Title VII. *Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006). In addition to Defendant Reeds Spring R-IV School District, Plaintiff's Complaint lists the following individual administrators of the District in its caption: Earl Johnson, Rob Barringer, John Does, John Doe board members and Jane Does. Because Title VII does not impose individual liability, Plaintiff's Complaint fails to state a plausible claim against these individuals.

Accordingly, Defendant's request to dismiss the individual defendants for failure to state a plausible claim for relief is **GRANTED**.

### **Motion for More Definite Statement under Rule 12(e)**

Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

As alternative relief to dismissal of Count I under Rule 12(b)(6), Defendant argues that "Plaintiff's Complaint must be amended to identify the specific allegations that she is relying on that are contained in the body of her Complaint as well as in her exhibits attached to the Complaint that would establish a claim under Title VII." (Doc. 8 at 3.) Defendant further argues that "Plaintiff must plead, without legal conclusions, and with specificity, a claim for retaliation or discrimination under Title VII." (*Id.*) Defendant does not provide authoritative support for its requested relief. Without more, the Court does not find that Defendant cannot reasonably prepare a response to the Complaint in its current state.

Defendant also argues a reader is unable to ascertain whether Plaintiff is alleging discrimination or retaliation, which are two distinct Title VII claims. Despite Plaintiff's response that she is bringing a post-employment retaliation claim, the face of the Complaint is not clear what Title VII cause or causes of action Plaintiff is bringing. Specifically, the title of Count I is "Retaliation and Discrimination" (doc. 1 at 23) and an allegation under Count I (doc. 1 at ¶ 50) states that Defendant engaged in "unlawful employment practices . . . in that Plaintiff was subject to retaliation discrimination." Given the parties' arguments, the Court determines that clarifying Plaintiff's cause of action under Title VII is warranted. Therefore, Plaintiff is directed to amend her Complaint to clarify that she is bringing a post-employment retaliation claim under Title VII as stated in her response to Defendant's motion to dismiss.

Therefore, to the extent Defendant seeks a more definite statement as to what cause of action Plaintiff is bringing under Title VII, the motion is **GRANTED**. All other relief sought under Rule 12(e) is **DENIED**.

## Conclusion

For the reasons above, Defendant's motion is **GRANTED in part** and **DENIED in part** as follows:

(1) To the extent Defendant seeks dismissal of Plaintiff's Complaint for a violation of Rule 8, Defendant's motion is **DENIED**.

(2) To the extent Defendant seeks dismissal of Count I for violation of Rule 12(b)(6), Defendant's motion is **DENIED**.

(3) Defendant's request to dismiss Count II for punitive damages for failure to state a plausible claim for relief is **GRANTED**.

(4) Defendant's request to dismiss the individual defendants for failure to state a plausible claim for relief is **GRANTED**.

(5) To the extent Defendant seeks a more definite statement as to what cause of action Plaintiff is bringing under Title VII, the motion is **GRANTED**. All other relief sought under Rule 12(e) is **DENIED**.

Accordingly, it is further **ORDERED** that Plaintiff file an amended complaint consistent with this Order within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 10, 2018