## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JODI HECKLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-05258-CV-RK |
| | ) | |
| | ) | |
| REEDS SPRING R-IV SCHOOL | ) | |
| DISTRICT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>
## <u>1) GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM AND</u>
## <u>2) DENYING DEFENDANT'S MOTION TO DISQUALIFY COUNSEL</u>

Before this Court is Plaintiff Jodi Heckler ("Plaintiff")'s Motion to Dismiss Defendant Reed Springs R-IV School District ("Defendant")'s Amended Counterclaim ("Motion to Dismiss"). (Doc. 20.) Also before this Court is Defendant's Motion to Disqualify Plaintiff's counsel, Mr. Kirksey ("Motion to Disqualify"). (Doc. 14.) Plaintiff brought this action alleging Defendant engaged in post-employment retaliatory behavior against Plaintiff in violation of Title VII, 42 U.S.C. § 2000e-3. Defendant filed a counterclaim (doc. 17) alleging a state law cause of action for breach of contract against Plaintiff. This Order addresses both Plaintiff's Motion to Dismiss (doc. 20) and the Defendant's Motion to Disqualify (doc. 14). After careful review, Plaintiff's Motion to Dismiss Defendant's Amended Counterclaim is **GRANTED**, and Defendant's Motion to Disqualify is **DENIED as moot**.

### Background

Plaintiff filed the instant action and alleges she was retaliated against for filing a sexual harassment lawsuit against Defendant in violation of Title VII. Plaintiff is a resident of Missouri and former employee of Defendant. The Defendant is a public school district in Missouri. Before this action, Plaintiff filed a sexual harassment lawsuit against Defendant, and that lawsuit resulted in a settlement. As a condition of settlement, Plaintiff left her position with Defendant. In this action, Plaintiff alleges that employees of Defendant retaliated against her because she filed the previous sexual harassment lawsuit. Plaintiff alleges particular employees of Defendant have

retaliated against her by making false, "disparaging and derogatory statements, rumors, spoke ill of, and in general bad mouthed [her] to numerous patrons of Defendant," as well as through the media. (Doc. 42, at 19.)

Defendant brings its amended counterclaim against Plaintiff pursuant to Fed. R. Civ. P. 13(a). Defendant alleges that its counterclaim arises out of the same transaction or occurrence that is the subject matter of Plaintiff's Complaint. Defendant alleges their amended counterclaim is, therefore, compulsory and within the Court's ancillary/supplemental jurisdiction. Defendant's amended counterclaim alleges that Plaintiff's attorney, Mr. Kirksey, breached the terms of the settlement agreement that the parties reached in Plaintiff's original sexual harassment lawsuit. Defendant alleges that the settlement agreement provided there was to be "no publication or social media by Plaintiff or Plaintiff's counsel regarding the Litigation and the settlement." (Doc. 17, at 4). In particular, Defendant alleges Kirksey violated the settlement contract by making statements to the media and publicly filing documents and information from the prior litigation in subsequent lawsuits.

Plaintiff disagrees, and moves to dismiss Defendant's amended counterclaim arguing it is not a compulsory counterclaim, and the Court, therefore, lacks jurisdiction over the claim. Additionally, Plaintiff argues that Defendant's counterclaim should be dismissed because it fails to state a proper claim for breach of contract.

Also relative to Defendant's counterclaim, Defendant moves to disqualify Plaintiff's counsel, Mr. Kirksey, from this case, based on allegations that Kirksey will be called as a witness in its breach of contract counterclaim. Defendant argues Missouri Supreme Court Rule of Professional Conduct 4-3.7 states "A lawyer may not act as an advocate at a trial in which the lawyer is likely to be a necessary witness …."

**Motion to Dismiss Defendant's Amended Counterclaim**

Plaintiff presents two arguments in support of dismissal of Defendant's amended counterclaim. First, Plaintiff argues Defendant's amended counterclaim is not compulsory; therefore, this Court does not have subject matter jurisdiction. Second, Plaintiff argues Defendant's amended counterclaim fails to state a claim for breach of contract.

# I.    The Court lacks subject matter jurisdiction over Defendant's amended counterclaim.

## A.  Standard of Review

Fed. R. Civ. P. 12(b)(1) provides that dismissal of an action is appropriate if the court does not have subject matter jurisdiction over a claim. *Myers v. Richland Cnty.*, 429 F.3d 740, 745 (8th Cir. 2005). "Subject matter jurisdiction refers to the court's power to decide a certain class of cases." *LeMay v. U.S. Postal Service*, 45 F.3d 797, 799 (8th Cir. 2006). Federal courts are courts of limited jurisdiction and cannot hear a claim unless specifically authorized by the Constitution or a federal statute. *Rasul v. Bush*, 542 U.S. 466, 489 (2002). When reviewing a motion to dismiss pursuant to Rule 12(b)(1), the Court must accept all well-pled factual allegations in the complaint as true, draw all inferences in favor of the non-moving party, and dismiss the action only if the complaint fails to allege a necessary element for subject matter jurisdiction. *Young America Corp. v. Affiliated Computer Services, Inc.*, 424 F.3d 840, 843-44 (8th Cir. 2005). The party invoking federal jurisdiction bears the burden of establishing jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

## B.  The Court does not have supplemental jurisdiction over Defendant's amended counterclaim for breach of contract.

Plaintiff first argues that Defendant's amended counterclaim is not compulsory, and therefore, the Court fails to have supplemental jurisdiction over the claim.[1] Federal courts are of limited jurisdiction, delineated by Congress and extending only to diversity actions or actions arising under federal law. The parties to this suit do not dispute that that they are not diverse - both parties are from Missouri. The Court has original jurisdiction over Plaintiff's Title VII claim because it arises under federal law. The Court also has supplemental jurisdiction over "all other claims that are so related to" the Title VII claim that "they form part of the same case or controversy." 28 U.S.C. § 1367. Such supplemental jurisdiction serves to prevent piecemeal litigation and promote efficient and fair resolution of cases by allowing the Court to resolve claims over which it would not otherwise have jurisdiction, had the claims been brought independently. However, supplemental jurisdiction can only be exercised where the counterclaims are

---

[1]    Defendant's filings and some of the case law cited reference ancillary jurisdiction. Common law "ancillary jurisdiction" was codified by Congress as part of supplemental jurisdiction in 28 U.S.C. § 1367. *Peacock v. Thomas*, 516 U.S. 349, fn. 5 (1996).

compulsory. *BOKF v. BCP Land Co. LLC.*, 2015 WL 2354386 at *3 (W.D. Mo. May 15, 2015) (*citing Shelter Mut. Ins. Co. v. Pub. Water Supply Dist. No. 7 of Jefferson Cnty., Mo.*, 747 F.2d 1195, 1197 (8th Cir. 1984), *Tullos v. Parks*, 915 F.2d 1192, 1194 (8th Cir. 1990). Compulsory counterclaims allow the Court to exercise jurisdiction even if such claims could not have been brought independently in federal court. *Tullos v. Parks,* 915 F.2d 1192, 1195 (8th Cir.1990). Rule 13(a) provides that a defendant's counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the [plaintiff's] claim." Fed. R. Civ. P. 13(a).

The issue in this case is whether Defendant's amended counterclaim arises out of the same transaction or occurrence as Plaintiff's claim, thus allowing the counterclaim to be litigated in this Court under supplemental jurisdiction. The Eighth Circuit has articulated four tests to determine whether a claim and counterclaim arises out of the same "transaction or occurrence." *Cochrane v. Iowa Beef Processors, Inc.,* 596 F.2d 254, 264 (8th Cir.1979). The four tests are as follows: (1) are the issues of fact and law raised by the claim and counterclaim largely the same, (2) would res judicata would bar a subsequent suit on the counterclaim, (3) does substantially the same evidence support or refute the claim, and (4) does any logical relation exist between the claim and counterclaim. *Id.* If the answer to any of these tests is in the affirmative, the counterclaim is compulsory. *See BOKF*, 2015 WL 2354386 at *3 (applying four tests set forth in *Cochrane v. Iowa Beef processors, Inc.* and *Tullos v. Parks* to determine whether counterclaim was compulsory).

1. **Plaintiff's claim and Defendant's counterclaim do not involve the same issues of fact or law.**

In applying the first test, the Court finds Defendant's amended counterclaim does not raise the same issues of fact or law as Plaintiff's claims. While both Plaintiff's claims and Defendant's amended counterclaim stem from Plaintiff's prior sexual harassment lawsuit, the factual similarities end there. The alleged retaliatory statements by employees of Defendant are the reason for Plaintiff's claim. However, the alleged statements by these employees are not tied to Defendant's amended counterclaim of breach of contract claim against Plaintiff. Defendant claims Plaintiff violated the terms of the settlement reached in her prior sexual harassment suit. Defendant also challenges statements made by Plaintiff's counsel, Mr. Kirksey, to the media about the prior sexual harassment suit and counsel's filing of information and documents from the prior suit in subsequent court cases. There is no allegation by Defendant that the alleged retaliatory statements

4

by its employees are tied to Plaintiff's or Kirksey's conduct in Defendant's breach of settlement contract counterclaim. Plaintiff's claims and Defendant's counterclaims do not share issues of fact.

Further, the claims and counterclaims do not share issues of law. Because Plaintiff's retaliation claim concerns Title VII federal law and the Defendant's breach of contract claim concerns Missouri's contract law, the legal elements and issues of law are substantially different.[2]

## 2. *Res Judicata* would not bar Defendant's counterclaim in a subsequent state court action.

In applying the second test, the Court finds res judicata would not bar a subsequent suit on Defendant's breach of contract counterclaim. Res judicata, "prevents the relitigation of a claim on grounds that were raised or could have been raised in the prior suit." *Banks v. International Union Electric, Elec., Technical, Salaried and Machine Workers*, 390 F.3d 1049, 1051 (8th Cir. 2004). In determining whether two causes of action are the same for res judicata purposes, the Eighth Circuit has adopted the position, consistent with the Restatement (Second) of Judgments § 24, that "a claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim." *Id.* (*citing Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir. 1990)). Here, Plaintiff and Defendant's claims are not sufficiently similar to constitute the same nucleus of operative facts. As set forth above, the claims do not share issues of fact or law, and a decision by this Court on Plaintiff's claims will have no impact on a determination of Defendant's counterclaim. The parties' claims are not so related that a court "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The Court further notes that there is no allegation that Plaintiff's claims of retaliation would in any way affect, nullify, or undermine the terms of the prior settlement contract.

---

[2] To state a claim for breach of contract under Missouri law, Defendant "must establish the existence of a valid contract, the rights of plaintiff and obligations of defendant under the contract, a breach by defendant, and damages resulting from the breach." *Gillis v. Principia Corp.*, 832 F.3d 865, 871 (8th Cir. 2016).

To state a claim for retaliation under Title VII, Plaintiff must establish that she was formerly employed by Defendant, that she engaged in protected conduct such as the filing of her previous sexual harassment lawsuit, and that a reasonable employee would have found the challenged retaliatory action materially adverse, and that the materially adverse action was causally linked to the protected conduct. *See* 42 U.S.C. § 2000e-3(a); *See also Robinson v. Shell Oil Co*., 519 U.S. 337, 339 (1997) (interpreting "employee" in Title VII to include former employees).

Therefore, without determining whether Plaintiff ultimately has a meritorious retaliation claim, Defendant can pursue its amended counterclaim's breach of contract claim in state court.

### 3. The evidence that supports Plaintiff's retaliation claim is not the same evidence as that which supports Defendant's counterclaim for breach of contract.

Next, the Court applied the third test and determined that Plaintiff's and Defendant's claims do not involve the same issues of fact or law. Accordingly, while proof of the parties' respective claims will require the testimony of some overlapping witnesses - for example Plaintiff herself - the subject matter of the witnesses' testimony would not substantially overlap. Therefore, consolidating the two claims into one action is of limited value.

### 4. The claims and counterclaims do not have logical relation to each other.

Finally, after applying the fourth test, the Court finds the claims and counterclaims lack a logical relation that would require both sets of claims to be litigated together. The "logical relationship" test "requires a determination of whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one case." *Blue Dane Simmental Corp. v. Am. Simmental Ass'n,* 952 F.Supp. 1399, 1410 (D.Neb.1997) (citing *Harris v. Steinem*, 571 F.2d 119, 123 (2nd Cir. 1978)). Here, both sets of claims arise from Plaintiff's prior sexual harassment lawsuit, but that is the claims' only commonality. Defendant's counterclaim fails to allege how any of Plaintiff's, or her attorney's, actions in the alleged breach of contract counterclaim, would be relevant to Plaintiff's claims that employees of Defendant engaged in retaliatory conduct against her due to her prior sexual harassment lawsuit.

The Court find, after applying the four tests, that Defendant's counterclaim is not a compulsory counterclaim. Accordingly, the Court lacks supplemental jurisdiction over Defendant's counterclaim.

### C. Permissive counterclaim fails to allege independent basis to support subject matter jurisdiction.

For the reasons set forth above, the Defendant's counterclaim is permissive, rather than compulsory. Accordingly, the counterclaim must have an independent basis supporting subject matter jurisdiction with the Court in order to proceed. *BOKF v. BCP Land Co., LLC.*, 2015 WL 2354386 at *3 (*citing Shelter Mut. Ins. Co. v. Pub. Water Supply Dist. No. 7 of Jefferson Cnty, Mo.*, 747 F.2d at 1197). Here, there is no allegation by Defendant of an independent basis to

support the Court having subject matter jurisdiction over its breach of contract counterclaim. Accordingly, this Court lacks subject matter jurisdiction over Defendant's state law breach of contract claim, and therefore, Defendant's Amended Counterclaim is **DISMISSED** for lack of subject matter jurisdiction.

## II. Without subject matter jurisdiction, the Court cannot address the merits of Defendant's breach of contract claim.

Because the Court lacks subject matter jurisdiction over Defendant's amended counterclaim for breach of contract, the Court is without jurisdiction to address the merits of the breach of contract claim. Accordingly, the Court will not address Hecker's further arguments concerning dismissal. Plaintiff's Motion to Dismiss Defendant's Amended Counterclaim is **GRANTED**, and Defendant's Amended Counterclaim is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

## Motion to Disqualify

Defendant's motion to disqualify Plaintiff's legal counsel, Mr. Kirksey, argues disqualification is proper because the Defendant alleges Kirksey will be a witness in the Defendant's amended counterclaim for breach of contract. Because the Court has dismissed the Defendant's amended counterclaim for lack of subject matter jurisdiction, the motion to disqualify Plaintiff's legal counsel, Mr. Kirksey, is **DENIED as moot**.

## Conclusion

After careful consideration, Plaintiff's Motion to Dismiss Defendant's Amended Counterclaim (doc. 20) is **GRANTED**, and Defendant's Amended Counterclaim is **DISMISSED without prejudice**. Further, Defendant's Motion to Disqualify Plaintiff Jodi Plaintiff's counsel, Mr. Kirksey, (doc. 14) is **DENIED as moot**.

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
Roseann A. Ketchmark, Judge
United States District Court

Dated: September 26, 2018